**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2527-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT FRANKLIN,

    Defendant-Appellant.

_____

> Submitted November 13, 2018 – Decided  February 6, 2019
>
> Before Judges Haas and Sumners.
>
> On appeal from Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 22-17.
>
> Zwerling Law Group, LLC, attorneys for appellant (David J. Zwerling, on the brief).
>
> Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert Franklin appeals his December 19, 2017 conviction for disorderly conduct and resisting arrest following a trial de novo in the Law Division. We affirm.

The pertinent evidence was set forth in the oral decision by Judge Thomas P. Kelly and need not be repeated in detail here. A brief summary will suffice.

In the mid-afternoon of May 28, 2016, defendant with his godmother, Kathleen Spinogatti, in the front passenger's seat, drove to a gas station in Riverside Township. He asked the gas station attendant for fifteen dollars in gas. After the gas was pumped, defendant and the attendant got into a dispute over whether defendant tendered a twenty-dollar bill to pay for the gas. The attendant claimed he was only given two dollars. To resolve the dispute, they went into the store at the gas station to view the surveillance video of the transaction. They continued to disagree after viewing the video, and another attendant called the police.

Riverside Patrol Officers Michael Megara and Timothy Marano responded to the call. Upon hearing defendant and the attendant's respective explanations, the officers viewed the video and determined that defendant did not tender a twenty-dollar bill for payment. Defendant then claimed, according to Officer Megara, that he gave a two-dollar tip to the attendant and was going

to pay fifteen dollars for the gas. Officer Megara, bearing in mind the video and not believing the tip claim, directed defendant to pay the attendant the unpaid amount of thirteen dollars. Balling thirteen dollars in his fist, defendant punched his hand into the attendant's hands and let go of the money. Defendant then called attendant an "Indian," and yelled at him, "stay out of my country." The attendant counted the money and walked away. After defendant refused multiple orders by the police officers to leave the gas station, he was told that he was under arrest. While defendant was yelling, Officer Megara opened the car door and put one cuff on defendant's left wrist. Defendant held onto the car's steering wheel and refused to get out of the car. He was then pulled out of the car and after the other handcuff was placed on his right wrist, he ran into the gas pump on his own volition. Defendant was issued summonses for disorderly conduct, N.J.S.A. 2C:33-22(a), resisting arrest, N.J.S.A. 2C29-2(a)(1), obstructing the administration of law, N.J.S.A. 2C29-1, and driving with a suspended license, N.J.S.A. 39:3-19.

Prior to the municipal court trial, defendant pled guilty to the motor vehicle violation. After the trial, in which Spinogatti[1] and Officers Megara and

---

[1] Spinogatti testified that she saw a twenty-dollar bill in defendant's hand prior to him paying the attendant but she did not see him give the bill to the attendant because she turned her head away.

A-2527-17T1

Marano testified, and the surveillance video, police radio log and police report were admitted into evidence, the municipal court judge reserved judgment. About a month later, he rendered his oral decision, crediting the video and the officers' testimony, finding defendant guilty of disorderly conduct and resisting arrest, and dismissed the obstructing charge by way of merger with the resisting conviction. Defendant was sentenced to fines and penalties a week later.

At a trial de novo, Judge Kelly found defendant guilty anew and imposed the same fines and penalties as the municipal court judge. Considering his review of the municipal court transcript and viewing the surveillance video, the judge stated:

> . . . the police, I think, acted reasonably to direct the defendant [to] pay the attendant, and get out of here. Whether they were right or wrong, in that direction, they certainly did that.
>
> For whatever reason, [defendant], decided he wasn't leaving. He stayed. He was directed to leave again, and he did not. The police told him, look, if you don't leave we're going to lock you up. We're going to arrest you. He refused to leave, and began yelling at the officers again, after they asked him to leave. And they asked, as I said, if you refuse to leave, they told him he'd be placed under arrest.
>
> He attempted to exit the vehicle, but one of the officers stopped him from getting out, and told [defendant], just leave, but he did not.

A-2527-17T1

. . . .

I do find that the evidence does prove, beyond a reasonable doubt, that disorderly conduct due to improper behavior, they caused tumultuous behavior, and a public inconvenience and whatever, in a public gas station during the daylight hours, and that he was ordered to leave, and he did not, and he was told if he didn't leave he would be arrested, and then he resisted the arrest by not getting out of the car; they had to pull him out. And that's really what happened. Anybody who . . . reads the transcript and then looks at the [video] you see that that's exactly what happened here.

On this appeal, defendant presents the following points of argument:

POINT I

THE LAW DIVISION ERRED IN FINDING DEFENDANT GUILTY OF DISORDERLY CONDUCT IN VIOLATION OF N.J.S.A. 2C:33-2(A)(1).

(A) THE STATE DID NOT PROVE THAT DEFENDANT CREATED OR INTENDED TO CREATE "A PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM OR THAT HE RECKLESSLY CREATED A RISK THEREOF" OR BY "ENGAGING IN FIGHTING OR THREATENING OR IN VIOLENT OR TUMULTUOUS BEHAVIOR."

(B) THE COURT ERRONEOUSLY RELIED UPON VIDEOTAPE EVIDENCE OF [THE] ALLEGED CONDUCT WHICH OCCURRED BEFORE THE ARRIVAL OF THE

5

POLICE AND WHICH DID NOT FORM
THE BASIS OF PROBABLE CAUSE TO
ARREST DEFENDANT.

POINT II

THE LAW DIVISION ERRED IN FINDING
DEFENDANT GUILTY OF RESISTING ARREST IN
VIOLATION OF N.J.S.A. 2C:29-2 (A)(1).

Having considered these contentions in light of the record and the applicable law, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in Judge Kelly's thorough oral opinion. We add the following brief comments.

When the Law Division conducts a trial de novo on the record developed in the municipal court, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). Because the Law Division judge is not in a position to judge the credibility of witnesses, he or she should defer to the credibility findings of the municipal court judge. Ibid. (citing State v. Locurto, 157 N.J. 463, 474 (1999)).

A-2527-17T1

Furthermore, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Reece, 222 N.J. 154, 166 (2015) (quoting Locurto, 157 N.J. at 474).

Having considered defendant's contentions concerning the sufficiency of the evidence in light of the record and the applicable legal principles, we discern no basis to disturb the findings and conclusions contained in Judge Kelly's thoughtful oral opinion. His analysis of the issues, including his deference to the municipal court judge's detailed credibility findings, was comprehensive and correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION